IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| The Bend Hotel Development Company LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | Jury Trial Demanded |
| Defendant, | ) | |

## COMPLAINT

Plaintiff The Bend Hotel Development Company LLC ("Plaintiff"), for its Complaint against THE CINCINNATI INSURANCE COMPANY, ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff is a Hotel in East Moline, Illinois.

2. Plaintiff has been forced, by recent orders issued by the State of Illinois, to cease the majority of its operations — through no fault of its own — as part of the State's efforts to slow the spread of the COVID-19 pandemic.

3. To protect its business from situations like these, which threaten its livelihood based on factors wholly outside of its control, Plaintiff obtained business interruption insurance from Defendant.

4. In breach of its insurance obligations that it voluntarily undertook in exchange for Plaintiff's premium payments, Defendant has denied Plaintiff's claims arising from the State-ordered interruption of its businesses.

5. As a result, Plaintiff now bring this action against Defendant for its failure to honor its obligations under commercial business owners insurance policies issued to Plaintiff, which provides coverage for losses like these (incurred due to a necessary suspension of its operations, including when its businesses are forced to close due to a government order).

1

6. On March 15, 2020, during the term of the policies issued by Defendant to Plaintiff, Illinois Governor Pritzker issued an order first closing all restaurants, bars, and movie theaters to the public in an effort to address the ongoing COVID-19 pandemic. A few days later, on March 20, 2020, Governor Pritzker ordered all "non-essential businesses" to close. The March 15 and March 20 orders are hereinafter collectively referred to as the "Closure Orders." As a result of the Closure Orders, Plaintiff has been forced to halt ordinary operations, resulting in substantial lost revenues.

7. Despite Defendant's express promise in its policies to cover the Plaintiff' business interruption losses when the government forces them to close, Defendant has issued a denial to Plaintiff for any losses related to the Closure Orders without first conducting any meaningful coverage investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law. Defendant has merely asserted that the coronavirus does not constitute physical loss or damage.

8. Defendant's assertion is contrary to the law in Illinois. Illinois courts have consistently held that the presence of a dangerous substance in a property constitutes "physical loss or damage." *See, e.g., Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Int'l Ins. Co.*, 720 N.E.2d 622, 625–26 (Ill. Ct. App. 1999), *as modified on denial of rehearing* (Dec. 3, 1999).

9. Moreover, unlike many commercial property policies available in the market, the policies sold by Defendant do not include an exclusion for loss caused by a virus. Thus, Plaintiff reasonably expected that the insurance they purchased from Defendant included coverage for property damage and business interruption losses caused by viruses like the COVID-19 coronavirus.

10. If Defendant had wanted to exclude pandemic-related losses under the Plaintiff' policies it easily could have attempted to do so on the front-end with an express exclusion. Instead, Defendant waited until after it collected Plaintiff' premiums, and after a pandemic and the resulting Closure

Orders caused catastrophic business losses to Plaintiff, to try to limit its exposure on the backend through its erroneous assertion that the presence of the coronavirus is not "physical loss" and therefore is not a covered cause of loss under its policies.

11. The fact that the insurance industry has created specific exclusions for pandemic related losses under similar commercial property policies undermines Defendant's assertion that the presence of a virus, like the coronavirus, does not cause "physical loss or damage" to property. Indeed, if a virus could never result in a "physical loss" to property, there would be no need for such an exclusion.

12. Thus, Defendant's wholesale, cursory coverage denials are arbitrary and unreasonable, and inconsistent with the facts and plain language of the policies it issued. These denials appear to be driven by Defendant's desire to preempt its own financial exposure to the economic fallout resulting from the COVID-19 crisis, rather than to initiate, as Defendant is obligated to do, a full and fair investigation of the claims and a careful review of the policies they sold to Plaintiff in exchange for valuable premiums.

13. As a result of Defendant's wrongful denial of coverage, Plaintiff files this action for a declaratory judgment establishing that it is entitled to receive the benefit of the insurance coverage they purchased, for indemnification of the business losses they have sustained, for breach of contract, and for bad faith claims handling under 215 ILCS 5/155.

## PARTIES

14. Plaintiff is an Illinois limited liability corporation with its principal place of business in East Moline, Illinois, in the Northern District of Illinois, whose Members are citizens of the State of Illinois.

15. Defendant is an insurance company engaged in the business of selling insurance contracts to commercial entities such as Plaintiff in Illinois and elsewhere. Defendant is incorporated in the State of Ohio and maintains its principal place of business in Phio.

## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court has personal jurisdiction over Defendant pursuant to the Illinois "long arm statute," 735 ILCS 5/2-209, because Defendant has submitted to jurisdiction in this state by: (a) transacting business in Illinois; (b) contracting to insure a person, property or risk located within Illinois at the time of contracting; and (c) making a contract substantially connected with Illinois. See 735 ILCS 5/2-209(1), (4), (7). In addition, Defendant exercises substantial, systematic and continuous contacts with Illinois by doing business in Illinois, serving insureds in Illinois, and seeking additional business in Illinois.

18. This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to its respective rights and obligations under the Policy with respect to the loss of business arising from the civil authority event detailed below.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to Plaintiff' claims occurred within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

20. Plaintiff incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1 – 19 above.

21. In exchange for substantial premiums, Defendant sold commercial property insurance policies promising to indemnify the Plaintiff for losses resulting from occurrences, including the necessary suspension of business operations at any insured location caused by a government order, during the relevant time period (each a "Policy" and collectively, the "Policies").

22. The Policy is an "all risk" policy that provides broad coverage for losses caused by any cause unless expressly excluded. The Defendant Policies do not exclude losses from viruses or pandemics. Thus, the all-risk Policies purchased by the Plaintiff cover losses caused by viruses, such as COVID-19.

23. In addition to property damage losses, Defendant also agreed to pay for loss of business income sustained by Plaintiff due to the necessary suspension of Plaintiff's operations during the period of business interruption, and expenses and damages connected thereto.

24. On March 11, 2020, the World Health Organization declared that the emerging threat from the novel coronavirus—otherwise known as COVID-19—constituted a global pandemic.

25. In response to the pandemic, and the spread of the coronavirus in Chicago and throughout Illinois, Illinois Governor Pritzker issued Executive Order 2020-07 on March 15, 2020 requiring that all bars, restaurants, and movie theaters close to the public beginning on March 16, 2020 and continuing through March 30, 2020.

26. The continuous presence of the coronavirus on or around Plaintiff' premises has rendered the premises unsafe and unfit for its intended use and therefore caused physical property damage or loss under the Policies.

27. Executive Order 2020-07 was issued in direct response to these dangerous physical conditions, and prohibited the public from accessing Plaintiff' restaurants, thereby causing the necessary suspension of its operations and triggering the Civil Authority coverage under the

5

Policies. Executive Order 2020-07 specifically states, "the Illinois Department of Public Health recommends Illinois residents avoid group dining in public settings, such as in bars and restaurants, which usually involves prolonged close social contact contrary to recommended practice for social distancing," and that "frequently used surfaces in public settings, including bars and restaurants, if not cleaned and disinfected frequently and properly, also pose a risk of exposure."

28. Governor Pritzker's March 20, 2020 Closure Order (Executive Order 2020-10) closing all "non-essential" businesses in Illinois, including all restaurants and movie theaters and much of hotel operations, likewise was made in direct response to the continued and increasing presence of the coronavirus on property or around Plaintiff's premises.

29. Like the March 15, 2020 Closure Order, the March 20, 2020 Order prohibited the public from accessing Plaintiff's services, thereby causing the necessary suspension of its operations and triggering the Civil Authority coverage under the Policies.

30. As a result of the Closure Orders, the Plaintiff have each suffered substantial Business Income losses and incurred Extra Expense. The covered losses incurred by Plaintiff and owed under the Policies is increasing every day, but are expected to exceed $250,000.00.

31. Following the Closure Order, the Plaintiff submitted a claim to Defendant requesting coverage for its business interruption losses promised under the Policies. Defendant has denied Plaintiff's claims.

## COUNT I: DECLARATORY JUDGMENT

32. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1 – 31 above.

33. Each Policy is an insurance contract under which Defendant was paid premiums in exchange for its promise to pay Plaintiff' losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing them to close its businesses.

34. Plaintiff have complied with all applicable provisions of the Policies, including payment of the premiums in exchange for coverage under the Policies.

35. Defendant has arbitrarily and without justification refused to reimburse Plaintiff for any losses incurred by Plaintiff in connection with the covered business losses related to the Closure Orders and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

36. An actual case or controversy exists regarding Plaintiff' rights and Defendant's obligations under the Policies to reimburse Plaintiff for the full amount of losses incurred by Plaintiff in connection with Closure Orders and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

37. Pursuant to 28 U.S.C. § 2201, Plaintiff seek a declaratory judgment from this Court declaring the following: (a) Plaintiff' losses incurred in connection with the Closure Orders and the and the necessary interruption of its businesses stemming from the COVID-19 pandemic are insured losses under the Policies; (b) Defendant has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Plaintiff' losses by issuing blanket coverage denials without conducting a claim investigation as required under Illinois law; and (c) Defendant is obligated to pay Plaintiff for the full amount of the losses incurred and to be incurred in connection with the covered business losses related to the Closure Orders during the four-week indemnity period and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

## COUNT II: BREACH OF CONTRACT

38. Plaintiff incorporate by reference, as if fully set forth herein, the facts set forth in paragraphs 1 – 31 above.

39. Each Policy is an insurance contract under which Defendant was paid premiums in exchange for its promise to pay Plaintiff' losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing them to close its businesses.

40. Plaintiff have complied with all applicable provisions of the Policies, including payment of the premiums in exchange for coverage under the Policies, and yet Defendant has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

41. By denying coverage for any business losses incurred by Plaintiff in connection with the Closure Orders and the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

42. As a result of Defendant's breaches of the Policies, Plaintiff has sustained substantial damages for which Defendant is liable, in an amount to be established at trial.

## COUNT III: STATUTORY PENALTY FOR BAD FAITH DENIAL OF INSURANCE UNDER 215 ILCS 5/155

43. Plaintiff incorporate by reference, as if fully set forth herein, the facts set forth in paragraphs 1 - 31 above.

44. Upon receipt of the Closure Order Claims, Defendant denied the claims without conducting any investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law. See 215 ILCS 5/154.6.

45. To make matters worse, based on information and belief, Defendant directed its insurance agents to make sham claim notifications before Defendant's policyholders even noticed its claims. Defendant took these actions, before claims were even submitted, as part of its plan to discourage

claim notifications and to avoid any responsibility for its policyholders' staggering losses, in violation of Illinois law.

46. Defendant's denials constitute "improper claims practices" under Illinois law—namely Defendant's (1) refusals to pay Plaintiff' claims without conducting reasonable investigations based on all available information and (2) failure to provide reasonable and accurate explanations of the bases in its denials. See 215 ILCS 5/154.6 (h), (n).

47. Therefore, pursuant to 215 ILCS 5/155, Plaintiff request that, in addition to entering a judgment in favor of Plaintiff and against Defendant for the amount owed under the Policies at the time of judgment, the Court enter a judgment in favor of Plaintiff and against Defendant for an amount equal to the greater of (1) 60% of the amount which the trier of fact finds that Plaintiff are entitled to recover under the Policies, exclusive of costs; and (2) $60,000 per Plaintiff. See 215 ILCS 5/155.

48. Plaintiff further requests that the Court enter a judgment in favor of Plaintiff and against Defendant in an amount equal to the attorneys' fees and costs incurred by Plaintiff for the prosecution of this coverage action against Defendant, which amount will be proved at or after trial, pursuant to 215 ILCS 5/155.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Enter a declaratory judgment on Count II of the Complaint in favor of Plaintiff and against Defendant, declaring as follows: (a) Plaintiff's losses incurred in connection with the Closure Orders and the necessary interruption of its businesses stemming from the COVID-19 pandemic are insured losses under the Policies; (b) Defendant has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Plaintiff's losses by issuing

blanket coverage denials without conducting a claim investigation as required under Illinois law; and (c) Defendant is obligated to pay Plaintiff for the full amount of the losses incurred and to be incurred in connection with the covered business losses related to the Closure Orders during the four-week indemnity period and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

2. Enter a judgment on Count II of the Complaint in favor of Plaintiff and against Defendant and award damages for breach of contract in an amount to be proven at trial;

3. Enter a judgment on Count III of the Complaint in favor of Plaintiff and against Defendant in the amount equal to amount equal to the greater of (1) 60% of the amount which the trier of fact finds that Plaintiff are entitled to recover under the Policies, exclusive of costs; and (2) $60,000 per Plaintiff;

4. Enter a judgment in favor of Plaintiff and against Defendant in an amount equal to all attorneys' fees and related costs incurred for the prosecution of this coverage action against Defendant, pursuant to 215 ILCS 5/155, which amount to be established at the conclusion of this action;

5. Award to Plaintiff and against Defendant prejudgment interest, to be calculated according to law, to compensate Plaintiff for the loss of use of funds caused by Defendant's wrongful refusal to pay Plaintiff for the full amount in costs incurred in connection with Closure Order Claims.

6. Award Plaintiff such other, further, and additional relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demand trial by jury on all issues so triable.

Respectfully submitted on the date that is so stamped on this document.

/s/ Charles A. Silverman
Charles A. Silverman

IL ARDC # 6291982
8800 Bronx Ave #100-F
Skokie, IL 60077
(312) 526-3201
Chsilvlaw@yahoo.com

**Verification of Pleading**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Mike Vandeheede*
Mike Vandeheede